# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Case No: 1:20-cv-00344-PAB-SKC

Gary Chisolm,

          Plaintiff,

-against-

Global Graphics & Design, Inc.,

          Defendant.

## DECLARATION OF CRAIG B. SANDERS

I, CRAIG B. SANDERS, hereby swear under the penalty of perjury that the following is true and correct to the best of my personal knowledge:

1. I am lead counsel for plaintiff Gary Chisolm ("Plaintiff") and am duly admitted to practice law in this District and in the State of New York.

2. I submit this declaration in support of Plaintiff's application for entry of default judgment against Global Graphics & Design, Inc. ("Defendant") pursuant to Fed. R. Civ. P. 55(b).

3. Plaintiff's claim for copyright infringement under 17 U.S.C. § 501 is based on Defendant's unlawful expropriation of Plaintiff's registered photograph of a horse carriage (the "Photograph"). See Complaint, at ¶7; Exhibit A (Dkt. No. 1-1).

4. In 2018, the exact date is uncertain but it si well within the statute of limitations, Defendant published the Photograph in its Magazine. (Complaint, at ¶10, Exhibit B) (Dkt. No. 1-2).

5. Defendant did not license the Photograph from Plaintiff for its posting, nor did Defendant have Plaintiff's permission or consent to publish the Photograph on the Magazine. *Id.,* at ¶11.

6. This has subject matter jurisdiction as Plaintiff had alleged a federal question under the Copyright Act, 17 U.S.C. § 101 et seq.; see 28 U.S.C. §§ 1331, 1338(a).

7. The plaintiff bears the burden of establishing personal jurisdiction. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). The plaintiff can satisfy its burden by making prima facie showing. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). The Court will accept the well-pleaded allegations of the complaint as true in determining whether plaintiff has made prima facie showing that personal jurisdiction exists. *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008). If the presence or absence of personal jurisdiction can be established by reference to the complaint, the Court need not look further. *Id.* Here, the Court has personal jurisdiction over Defendant in that service was sufficient under Fed. R. Civ. P. 4(c) and, as is alleged in the Complaint, the Defendant regularly transactions business in Colorado through the distribution of its magazine Destination Licking County (the "Magazine"). (Complaint, ¶¶3, 6).

8. The basis for entry of default is Defendant's failure to answer or otherwise appear to defend this action. On March 4, 202, a copy of the summons and complaint was served on the President of Defendant Joanne K. Alksnis. [Certificate of Service, Dkt. No. 6]. The deadline to file an answer or responsive pleading was March 25, 2020.

9. Default judgment may be entered against a party who fails to appear or otherwise defend. Fed. R. Civ. P. 55. To obtain a judgment by default, the moving party must follow the two-step process described in Rule 55: "first, he or she must seek an entry of default from the Clerk of the Court under Rule 55(a); second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b)." *Richfield Hospitality, Inc. v. Shubh Hotels Detroit, LLC*, No. 10-cv-00526-PAB-MJW, 2011 WL 3799031, at *2 (D. Colo. Aug. 26, 2011).

10. On December 8, 2020, upon Plaintiff's request, the Clerk of Court issued a Certificate of Default. [Dkt. No. 30]. After the default was issued by the Clerk, I investigated whether defendant is a member of the military by visiting the Department of Defense's Service Members Civil Relief Act website. Defendant is a company - not an individual - and therefore not a service member. There is only one defendant in this action; thus, the Court may appropriately order a default judgment against Defendant on the issue of damages.

11. At step two, the decision to enter default judgment is "committed to the district court's sound discretion." *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (quoting *Dennis Garberg & Assocs. V. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997)). A defendant who fails to answer, plead, or otherwise defend an action is deemed to have admitted the factual allegations of the complaint as true. *Brill Gloria v. Sunlawn, Inc.*, No. 08-cv-00211-MSK-MEH, 2009 WL 416467, at *2 (D. Colo. Feb. 18, 2009). The Court also accepts as true the undisputed facts alleged in affidavits and exhibits. *Id.*; *see also Deery American Corp. v. Artco Equip. Sales, Inc.*, No. 06-cv-01684-EWN-CBS, 2007 WL 437762, at *3 (D. Colo. Feb. 6, 2007).

12. To enter default judgment against defendant, the Court must find that defendant, based on the material allegations in the complaint, committed copyright infringement. The Copyright Act gives copyright owners the exclusive right to make copies and derivative works and gives copyright owners a cause of action against anyone who violates the rights of the owner. 17 U.S.C. §§ 106, 501.

13. In order to prevail on its copyright infringement claim, Plaintiff must establish both: (1) that it possesses a valid copyright and (2) that Defendants "copied" protectable elements of the copyrighted work. *Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1284 (10th Cir. 1996) *(citing Feist Pubs., Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 1295–96, 113 L.Ed.2d 358 (1991); *Gates Rubber Co. v. Bando Chem. Indus., Ltd.,* 9 F.3d 823, 831 (10th Cir. 1993)).

14. A Certificate of Registration constitutes prima facie evidence of the validity of the copyright. *Gates Rubber Co. v. Bando Chem. Indus., Ltd.,* 9 F.3d 823, 831–33 (10th Cir. 1993) (citing 17 U.S.C. § 410(c)). Once the presumption pursuant to 17 U.S.C. § 410(c) is established, the defendant has the burden of overcoming it. *Id.*

15. Here, Plaintiff is in possession of a registration certificate bearing No. VA0002145769, with effective date October 14, 2015 (the "Registration"). Complaint, at ¶9. Attached hereto as Exhibit A is a true and correct copy of the Registration, as maintained by the Public Catalog on the U.S. Copyright Office's website.

16. As is set forth in the Registration, the Photograph was first published on October 14, 2015 and was registered on October 14, 2015. (Exhibit A). Accordingly, the registration is accorded the presumption of validity because the effective date of registration is within five years of first publication. 17 U.S.C. § 410(c). *Home Design*

*Servs., Inc. v. Starwood Const., Inc.,* 801 F. Supp. 2d 1111, 1116–17 (D. Colo. 2011) ("A Copyright Office Certificate of Registration obtained within five years of first publication constitutes 'prima facie evidence of the validity of the copyright and of the facts stated in the certificate.' 17 U.S.C. § 410(c)".

17. "Once the plaintiff has shown that it holds a valid copyright, it must next prove that the defendant unlawfully appropriated protected portions of the copyrighted work." *Gates Rubber Co.,* 9 F.3d at 831–33. "Ultimately, to prove factual copying, the plaintiff must come forward with sufficient evidence that a reasonable factfinder, taking together the evidence of access and the similarities between the [works] could find that the second work was copied from the first. *Id.*

18. Here, the original photograph and infringed work are strikingly similar in not identical. See Complaint, Exhibit A [Dkt. #1-1] (Photograph) and Complaint, Exhibit B [Dkt. No. 1-2] (Magazine). Since the original work and infringing work are identical, the Court can determine actual copying has taken place as a matter of law. *See La Resolana Architects, PA v. Reno, Inc.,* 555 F.3d 1171, 1179 (10th Cir. 2009) ("Striking similarity exists when 'the proof of similarity in appearance is 'so striking that the possibilities of independent creation, coincidence and prior common source are, as a practical matter, precluded.'") (citations omitted).

19. Based on the foregoing, Plaintiff has established both elements of his infringement claim to wit, that he possesses a valid copyright and (2) that Defendants copied protectable elements of his copyrighted work. Defendant has failed to appear to assert any affirmative defenses. Accordingly, the Court should find Defendant liable for copyright infringement under 17 U.S.C. § 501.

20. Federal law provides for several remedies for infringement. *See* 17 U.S.C. §§ 502–05. Relevant here, Section 504(a) permits a copyright owner to seek from the infringer actual damages and the infringer's additional profits or statutory damages. In this case, Plaintiff elects to recover statutory damages pursuant to Section 504(c). Although the precise date of the infringement is indeterminable but believed to be in 2018, since the registration occurred on the date of first publication, the registration would have under all circumstances preceded the infringement and therefore Plaintiff is entitled to statutory damages and legal fees. 17 U.S.C. §412(2).

21. Section 504(c)(1) of the Copyright Act permits an award of statutory damages "in a sum of not less than $750 or more than $30,000 as the court considers just." In determining the amount of statutory damages, the district court has broad discretion "to assess what is just in a particular case, 'considering the nature of the copyright, the circumstances of the infringement and the like,'" so long as the amount is neither more than the maximum nor less than the minimum. *Broadcast Music, Inc. v. Carey-On Saloon, LLC*, No. 12-cv-02109-RM-MJW, 2014 WL 503447, at *6 (D. Colo. Feb. 7, 2014) (quoting *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231–32, 73 S.Ct. 222, 97 L.Ed. 276 (1952).)

22. Section 504(c)(1) "not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct." *F.W. Woolworth Co.*, 344 U.S. at 233, 73 S.Ct. 222. Put more bluntly, "courts must put defendants on notice that it costs less to obey the Copyright Act than to violate it." *Girlsongs v. 609 Indus., Inc.*, 625 F. Supp. 2d 1127, 1131 (D. Colo. 2008). Courts have awarded statutory damages that

are at least between two and three times the license fees that would have been charged. *Id.* (collecting cases); *Carey-On Saloon, LLC*, 2014 WL 503447, at *6 (same).

23. The range of statutory damages within Section 504(c)(1) reflects Congress's intent to equip district courts with discretion to award an amount that advances justice. Courts have recognized that "infringers should not be free to 'sneer' in the face of the Copyright Act" and that "courts must put defendants on notice that it costs less to obey the Copyright Act than to violate it." *Girlsongs v. 609 Industries, Inc.*, 625 F. Supp. 2d 1127, 1131 (D. Colo. 2008) (quoting *Int'l Korwin Corp. v. Kowalcyzk*, 665 F. Supp. 652, 659 (N.D. Ill. 1987), *aff'd*, 855 F.2d 375 (7th Cir. 1988)). Thus, in conjunction to the important deterrent purpose served by statutory damages, courts exercise their discretion to award statutory damages in relation to license fees for which owners would have charged for use of the copyrighted work. *Id.* at 659 (collecting cases); *see also Major Bob Music*, 2010 WL 2653330, at *3 (collecting cases).

24. For Defendant's violation of 17 U.S.C. § 501, Plaintiff seeks $11,575.00 in statutory damages for copyright infringement under 17 U.S.C. § 504(c). Plaintiff's copyright infringement claim qualifies for statutory damages under 17 U.S.C. § 504(c) because the Photograph was registered on October 14, 2015 [Exhibit 1] prior to its infringement in 2018 [Complaint, Exhibit B] [Dkt. No. 1-2]. 17 U.S.C. §412.

25. The basis for this request is that Plaintiff believes that the fair-market licensing fee for the Photograph would be $2,315 for a 3-year non-transferable license for commercial usage. In support of this estimate, attached as <u>Exhibit B</u> is a true and correct copy of a screenshot from GettyImages.com - the leading stock photography agency nationwide - showing that a similar photograph for $2,315.00 when used on a

promotional website for political/governmental use for a duration of 3 years in the United States.  Since the purposes of a statutory award is to act as both a deterrent and mechanism of recovery, Plaintiff requests that this Court award 5x the license fee or $11,575.00.

26. When a court is confronted with imprecision in the calculation of damages, it "should err on the side of guaranteeing the plaintiff a full recovery." *Sygma Photo News, Inc. v. High Society Magazine,* 778 F.2d 89, 95 (2d Cir. 1985) (citations omitted); *cf. In Design v. K–Mart Apparel Corp.,* 13 F.3d 559, 564 (2d Cir. 1994) (noting that any doubts in calculating profits which result from the infringer's failure to present adequate proof of its costs are to be resolved in favor of the copyright holder), *abrogated on other grounds by Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

27. In this regard, it should be noted, copyright infringement cases brought by individual copyright holders do more than compensate victims. They secure intellectual property rights from widespread invasion by large corporations, maintain order in society, and promote the Progress of the Sciences and the useful Arts.  *See Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983) (public interest can only be served by upholding copyright protections, thus preventing misappropriation of skills, creative energies, and resources invested in protected work); *see also Walt Disney Co. v. Best*, No. 88 Civ. 1595(SWK), 1990 WL 144209, at *4 (S.D.N.Y. Sept. 26, 1990) (one of the primary purposes of the Copyright Act is to "deter future infringements."); *Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors, LP*, No. CV H-14-1903, 2018 WL 2048896, at *12 (S.D. Tex. May 2, 2018) ("The protection of copyrights is a vindication of the public interest, and the statutory penalty for copyright infringement is intended not

just to compensate the copyright owner, but to deter Kayne and others like them from committing copyright infringement."); 3 NIMMER § 14.06[A], at 14–80.

28. In addition to its statutory damages under the copyright law, Plaintiff seeks $1,680.00 in attorneys' fees and $500.00 in costs under 17 U.S.C. § 505.

29. Plaintiff's former counsel, Richard Liebowitz, has advised me that he does not intend to seek any fees for his work prior to my retention which included, *inter alia*, the drafting and filing of the complaint in this matter. His office has provided me with a breakdown of his costs which are set forth below:

| 2/10/2020 | United States District Court - Filing fee | $400.00 |
|---|---|---|
| 2/11/2020 | Service of Process Invoice (Matt Millhollin) | $75.00 |
| 3/4/2020 | Service of Process Invoice (Matt Millhollin) | $25.00 |
| | **Total** | **$500.00** |

30. In terms of my own time, I have the below time entries associated with this matter:

| 6/18/2020 | Telephone conference call with Richard Liebowitz re: appearance in a number of cases based upon his need to withdraw due to licensure related issues | 2.0 | N/C |
|---|---|---|---|
| 6/18/2020 | Opening of a file in my system; preparation of a Notice of Appearance and ecf filing of same | 0.4 | N/C |
| 6/29/2020 | Review of the entire docket for Chisolm v. Global | 1.0 | $600.00 |
| 6/29/2020 | Prepared and filed Notice of Appearance | 0.2 | N/C |
| 6/30/2020 | Review ecf bounces concerning Liebowitz Motion to Withdraw | 0.3 | N/C |
| 7/29/2020 | Review of notice of order by Richard Liebowitz | 0.5 | N/C |
| 8/21/2020 | Review of motion to withdraw by Richard Liebowitz | 0.3 | N/C |
| 12/1/2020 | Review of ecf advisory notice concerning Richard Liebowitz from SDNY | 0.2 | N/C |

| 12/7/2020 | Review of order denying without prejudice prior motion by Liebowitz for the entry of default notation; communications with client/Liebowitz re: same | 0.4 | N/C |
| 12/8/2020 | Prepared and filed motion for entry of default | 0.3 | $180.00 |
| 12/14/2020 | Drafted default judgment motion; communications with client re: registration certificate of licensure value; finalized motion and ecf filed same | 1.5 | $900.00 |
| | **Total** | 7.1 | $1,680.00 |

My hourly rate for the prosecution of copyright infringement matters if $600 per hour which is well within the range of hourly billing for similarly experienced attorneys according with the Report of the Economic Survey (2017) for the American Intellectual Property Law Association as well as the rates set forth in the Laffey Matrix chart of hourly rates for attorneys and paralegals in the Washington, D.C. area that was prepared by the United States Attorney's Office to be used in fee-shifting cases. My rate was recently approved by Judge Raymond P. Moore of this Court in *Guarneros v. Denver Green Party* (Case No. 19-cv-139-RM-NYW).

31. By way of background, I received my Juris Doctor (J.D.) from the University of Pennsylvania Law School in 1993 and am a founding partner in the law firms of Sanders Law, PLLC, and Barshay Sanders, PLLC. I was admitted to practice law in Florida in 1993 and New York in 1994. In addition to New York and Florida, I am currently admitted to practice law in the states of California, Utah, Colorado, Maryland, Washington and New Jersey. I am also admitted to practice law in the Federal Courts of, California (all four Districts), Colorado, Florida (all three Districts), Illinois (all three Districts as a lead trial attorney), Indiana (both Districts), Maryland, New York (all four Districts), Texas (all four Districts), Utah, Wisconsin (both Districts) and New Jersey. In addition to my District Court admissions, I am also admitted to the Second, Third, Fifth, Ninth, and Tenth Circuit

Courts of Appeal sand have argued appeals in each of these circuits. Finally, I am also admitted in the United States Supreme Court and have submitted writs and briefs thereto. I am in good standing in the above-referenced courts and have never been disciplined by any bar. During the course of my twenty-eight (28) year professional career, I have focused on Federal Litigation, primarily involving civil litigation matters with a heavy focus on intellectual property matters including copyright and trade mark.

32. Wherefore, Plaintiff asks that this grant judgment on default to Plaintiff under 17 U.S.C. § 501 and 17 U.S.C. § 1202(b) and order Defendant to pay $11,575.00 in statutory damages under 17 U.S.C. § 504(a), $1,680.00 in attorneys' fees and $500.00 in costs totaling $13,755.00. Plaintiff also asks Defendant to pay post-judgment interest under 28 U.S.C. § 1961 and that this Court retain jurisdiction over any matter pertaining to this judgment.

Dated: December 14, 2020

**BARSHAY SANDERS, PLLC**
By: /s Craig B. Sanders
Craig B. Sanders, Esquire
100 Garden City Plaza
Suite 500 Garden City, New York 11530
Tel. (516) 203-7600
Fax: (516) 282-7878
Our File No: 119550
Attorneys for Plaintiff