IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00344-PAB-SKC

GARY CHISOLM,

    Plaintiff,

v.

GLOBAL GRAPHICS & DESIGNS INC.

    Defendant.

## ORDER

    This matter is before the Court on Plaintiff's Motion for Default Judgment [Docket No. 30]. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

    This case involves allegations of the unauthorized use and publication of plaintiff's copyrighted photograph by defendant. Docket No. 1 at 2, ¶¶ 8-11. Because of the Clerk of Court's entry of default against defendant, Docket No. 30, the allegations in plaintiff's complaint, Docket No. 1, are deemed admitted. *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003). Plaintiff is a professional photographer who licenses his photographs for a fee. Docket No. 1 at 2, ¶ 5. Plaintiff photographed a picture of a horse-drawn carriage, which was registered with the United States Copyright Office with registration number VA-2-145-769. *See id.*, ¶¶ 7-9. Defendant used plaintiff's copyrighted photo in an edition of a magazine without licensing plaintiff's photograph or receiving permission to use it. *See id.*, ¶¶ 10-11.

Plaintiff filed this lawsuit on February 10, 2020 asserting claims for copyright infringement in violation of 17 U.S.C. §§ 106, 501(a). *See id.* at 3-4. After defendant failed to respond to the complaint or otherwise appear in the action, plaintiff moved for entry of default. *See* Docket No. 29. The Clerk of the Court entered default against defendant on December 8, 2020. Docket No. 30. On December 14, 2020, plaintiff filed a motion for default judgment against defendant. Docket No. 31.

In order to obtain a judgment by default, a party must follow the two-step process described in Fed. R. Civ. P. 55. First, the party must seek an entry of default from the Clerk of the Court under Rule 55(a). Second, after default has been entered by the Clerk, the party must seek judgment under the strictures of Rule 55(b). *See Williams v. Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished table decision) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "committed to the district court's sound discretion." *Olcott*, 327 F.3d at 1124 (citation omitted). In exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* It serves to protect plaintiffs against "interminable delay and continued uncertainty as to his rights." *Id.* at 733. When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

2

A party may not simply sit out the litigation without consequence. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard."). One such consequence is that, upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted. *See* Charles Wright, Arthur Miller & Mary Kane, Fed. Prac. & Proc. § 2688 (3d ed. 2010). "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.* at 63. A court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002). Although "[s]pecific facts are not necessary" in order to state a claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and citation omitted).

Before addressing the merits of plaintiff's motion for default judgment, the Court must determine whether it has subject matter over the case and personal jurisdiction

over defendant.  *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (holding that "a district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case").  The Court finds that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because plaintiff asserts a claim under a federal statute.

Plaintiff, however, has not demonstrated personal jurisdiction over defendant. The plaintiff bears the burden of establishing personal jurisdiction.  *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988).  The plaintiff can satisfy its burden by making a prima facie showing.  *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).  The Court will accept the well-pleaded allegations of the complaint as true in determining whether plaintiff has made a prima facie showing that personal jurisdiction exists.  *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008).  If the presence or absence of personal jurisdiction can be established by reference to the complaint, the Court need not look further.  *Id.*  The plaintiff, however, may also make this prima facie showing by putting forth evidence that, if proven to be true, would support jurisdiction over the defendant.  *Dudnikov*, 514 F.3d at 1070.

Plaintiff does not allege that defendant is a Colorado corporation or has its principal place of business in Colorado.  *See* Docket No. 1 at 2, ¶ 6.  Rather, defendant is a "domestic business corporation with a place of business" in Peoria, Illinois.  *Id.* Instead, the only allegation in plaintiff's complaint regarding defendant's activities in Colorado, and thus personal jurisdiction over defendant, is that "[d]efendant transacts business in Colorado."  *See id.* at 1-2, ¶¶ 3, 6.  Plaintiff's counsel reiterates this

4

allegation in his declaration in support of plaintiff's motion for default.  *See* Docket No. 32 at 2, ¶ 7.  Specifically, counsel states that, "as is alleged in the [c]omplaint, the [d]efendant regularly transactions [sic] business in Colorado through the distribution of its magazine Destination Licking County."  *See id.*

The Court, however, is only required to accept well-pled allegations as true, and the Tenth Circuit has explicitly stated that language stating that a defendant "transacted business" in Colorado is insufficient to demonstrate personal jurisdiction under Colorado's long-arm statute.  *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1508-09 (10th Cir. 1995) (holding that a conclusory statement that "the defendants transacted business" in Colorado was insufficient to make a prima facie showing of personal jurisdiction).  While the Court may accept further evidence of jurisdiction, *see id.*, plaintiff has provided no further evidence, in the form of an affidavit or otherwise, demonstrating that the Court has personal jurisdiction over defendant.[1]  Accordingly, plaintiff has failed to demonstrate personal jurisdiction over defendant and his motion will be denied.  *See id.* at 1509 ("Inasmuch as we have concluded that the Colorado long-arm statute cannot be used to assert jurisdiction over the defendants, we need not address whether the exercise of jurisdiction comports with due process.")

It is therefore

---

[1] The only evidence that plaintiff has submitted is a copy of the magazine in which the photograph was published.  *See* Docket No. 1-2.  That evidence shows that the magazine is geared toward a local audience in Ohio.  *See id.* at 1-2, 8.  This undercuts plaintiff's allegations regarding personal jurisdiction, as the only evidence he has submitted is that defendant operates in Ohio and Illinois.

**ORDERED** that Plaintiff's Motion for Default Judgment [Docket No. 30] is **DENIED** without prejudice.

DATED September 27, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge